FILED
2020 OCT 6 PM 1:26
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PRO MARKETING SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SECTURION SYSTEMS, INC. and RICHARD J. TAKAHASHI, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 1:19-cv-00113** <br><br> **Magistrate Judge Dustin B. Pead** |

On September 18, 2020, the court heard oral argument on Defendants' pending Motion to Dismiss ("Motion").[1] At the conclusion of the hearing, the court issued an oral ruling and indicated that a written decision would follow. Consistent therewith, and for the reasons set forth herein, the court now issues the following written decision and order granting Defendants' Motion in part and denying the Motion in part.

## BACKGROUND

In its simplest form, this case involves inventorship and ownership rights to nine patents.[2] On October 3, 2019, Plaintiff Pro Marketing Sales, Inc. ("Pro Marketing" or "Plaintiff") filed its complaint against Defendants Secturion Systems, Inc. ("Secturion") and Richard J. Takahashi

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment. (ECF No. 24); *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] The complexities of the procedural background are set forth in detail in the Complaint, Plaintiff's Motion and Defendants' Opposition. (ECF No. 2; ECF No. 25; ECF No. 28.)

1

("Mr. Takahashi") (collectively "Defendants") seeking resolution of twenty-six causes of action related to the ownership and inventorship of the nine patents. Each of the nine patents at issue lists Mr. Takahashi as the sole named inventor. Eight of the patents are assigned to Secturion.

As stated in the complaint, Plaintiff's first and second causes of action are raised against Mr. Takahashi alone and relate to Patent No. 9,641,330 (the " '330 Patent Claims") issued to non-party Cyber Solutions International, LLC ("CSI") on May 2, 2017. (ECF No. 2 at ¶¶120-143; *Id.* at ¶¶135-156.) Plaintiff's '330 Patent Claims seeks a statement from Mr. Takahashi, pursuant to 37 C.F.R. § 1.324(b)(1) indicating that he agrees to add Mr. Nagarajan as co-inventor and a claim for co-inventorship under 35 U.S.C. § 356. Pro Marketing previously settled litigation in the Northern District of Georgia and as part of that settlement CSI assigned ownership of the '330 Patent to Plaintiff. (ECF No. 2 at ¶107); *see generally Pro Marketing Sales, Inc. v. Cyber Solutions International, LLC, et. al.* 2018 U.S. Dist. LEXIS 54126 (N.D. Ga. March 29, 2018).

'330 Patent Claims aside, the remaining twenty-four causes of action relate to eight other patents that Mr. Takahashi assigned to Secturion ("Secturion Patents").[3] For each Secturion Patent, Pro Marketing makes three main claims: (1) for correction of named inventor to add Mr. Anan Nagarajan ("Mr. Nagarajan") as a co-inventor of the patent pursuant to 35 U.S.C. § 256 (the "Co-Inventorship Claims") (Third, Sixth, Ninth, Twelfth, Fifteenth, Eighteenth, Twenty-First, and Twenty-Fourth Claims for Relief); (2) for declaratory judgment naming Pro Marketing

---

[3] The Secturion Patents include U.S. Patent numbers: 9,317,718 (issued April 19, 2016); 9,355,279 (issued May 31, 2016); 9,374,344 (issued June 21, 2016); 9,524,399 (issued December 20, 2016); 9,798,899 (issued October 24, 2017); 9,858,442 (Issued January 2, 2018); 10,013,580 (issued July 3, 2018); and 10,114,766 (issued October 30, 2018). (ECF No. 2 at ¶ 74.)

as a co-owner of the patent ( "Co-Ownership Claims") (the Fourth, Seventh, Tenth, Thirteenth, Sixteenth, Nineteenth, Twenty-Second, and Twenty-Fifth Claims for Relief); and (3) for declaratory judgment naming Pro Marketing as the sole owner of the patent (the "Ownership Claims") (Fifth, Eighth, Eleventh, Fourteenth, Seventeenth, Twentieth, Twenty-Third, and Twenty-Sixth Claims for Relief). (ECF No. 2.)

On December 6, 2019, Defendants filed their pending Motion to Dismiss seeking dismissal of all claims set forth in Pro Marketing's complaint. (ECF No. 43.)

## STANDARD OF REVIEW

Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

A claim may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler,* 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction falls on the party asserting jurisdiction and a court must dismiss the "case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *15 Corps. v. Denver Prosecutor's Office,* 2013 U.S. Dist. LEXIS 153479 at *3 (D. Colo. Oct. 25, 2013) (*citing Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974)).

To survive a 12(b)(6) motion to dismiss, the plaintiff must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This means the operative complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

3

face." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . [but], conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hulinsky v. Brereton,* 2018 U.S. Dist. LEXIS 33806 at *1-2 (D. Utah Jan. 29, 2018) (quotations and citations omitted). "It is insufficient to set forth threadbare recitals of elements, the factual allegations must be enough to raise a right to relief above the speculative level, and a complaint that merely offers labels and conclusions, or a formulaic recitation of the elements of a cause of action, is insufficient." *Jensen v. Bureau of Criminal Information*, 2019 U.S. Dist. LEXIS 193854 at *4 (D. Utah Nov. 6, 2019) (quotations omitted).

On a motion to dismiss "all well-plead factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018). A court must be mindful of the liberal pleading standards "which require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Informatics Applications Grp., Inc. v. Shkolnikov*, 836 F. Supp.2d 400, 410, 414 (E.D. Va. 2011); *see also* Fed. R. Civ. P. 8.

**DISCUSSION**

Defendants move for dismissal of Pro Marketing's twenty-six claims on the following grounds.

First, Defendants argue that Pro Marketing lacks standing to bring its claims as to the Securion Patents. Second, Defendants assert that Pro Marketing's Securion Patent claims should be dismissed because they are not sufficiently pleaded. Finally, Defendants argue that

Plaintiff's claims related to the '330 Patent should be dismissed because Plaintiff has no grounds to ask for the relief requested. Defendants' arguments are addressed herein.

### **Plaintiff Has Sufficiently Pleaded Plausible Allegations To Establish Standing.**

In general standing has three main requirements: "(1) an injury in fact; (2) causation; and (3) redressability." *Colo. Outfitters Ass'n v. Hickenlooper,* 823 F.3d 537, 544 (10th Cir. 2016) (*citing Lujan v Defenders of Wildlife,* 504 U.S. 555, 560-61) (1992)). An absence of standing "divests the court of subject matter jurisdiction" over the case. *Jepsen v. Texaco, Inc.,* 1995 U.S. App. LEXIS 28809 at *7 (10th Cir. 1995); *see also* Fed. R. Civ. P. 12(b)(1). At the pleading stage "general factual allegations of injury resulting from defendant's conduct may suffice . . . [and it is ] presume[ed] that general allegations embrace those specific facts that are necessary to support the claim . . . ." *Lujan,* 504 U.S. at 561 (internal quotation and citation omitted). Further, to establish standing under 35 U.S.C. § 256, "a party must assert either expected ownership rights in the patent at issue or a 'concrete financial interest in the patent, albeit an interest less than ownership.'" *Informatics,* 836 F. Supp. 2d at 411(*citing Chou v. Univ. of Chicago,* 254 F.3d 1347, 1358-59 (Fed. Cir. 2011)).

Pro Marketing argues standing to assert its Secturion Patent claims based on patent rights received from: (1) Mr. Nagarajan; and (2) the company for which Mr. Nagarajan worked as an engineer during the period at issue, Priva Technologies Inc. ("Priva"). First, Plaintiff alleges that Mr. Nagarajan executed a written assignment of his alleged patent inventor rights to Pro Marketing. (ECF No. 2 at ¶ 113) ("Mr. Nagarahan's inventorship rights in the '330 Patent and in the Secturion Patents have been assigned to Pro Marketing."); (*Id.* at ¶180) ("Mr. Nagarajan has assigned his rights to the '279 Patent to Pro Marketing."). In support, Plaintiff relies on Mr.

5

Nagarajan's employment agreement with Priva. (*Id.* at ¶32) ("As part of his employment with Priva, Mr. Nagarajan was obligated to assign his inventorship rights to Priva."); (*Id.* at ¶179) ("By virtue of his employment agreement with Priva, Mr. Nagarajan was obligated to assign his rights in any intellectual property to Priva."); (*Id.* at ¶¶95-97.) Second, Plaintiff pleads that as a secured creditor it obtained patent rights to the Secured Key Storage Integrated Circuit ("SKSIC") microchip technology[4] and Tamper Reactive Secure Storage ("TRSS") technology, "a second generation SKSIC technology," when it took possession of Priva's property as part of a "friendly foreclosure" during Priva's bankruptcy. (*Id.* at ¶15) ("In January 2013, after Priva was unable to continue operations, it entered into a friendly foreclosure with Plaintiff.); (*Id.* at ¶16) ("On February 28, 2013, Priva surrendered its property, technology and intellectual property to Plaintiff.). Pro Marketing asserts that the bankruptcy court expressly preserved the Securion Patents as part of Plaintiff's collateral if and when Priva failed to reorganize. (*Id.* at ¶¶41-42) ("Plaintiff as a secured creditor, could recover the TRSS technology, all improvements to it, and all intellectual properly associated with it, included patents and derivative words, if Priva failed in its reorganization plan.").

In response, Defendants assert Pro Marketing fails to establish standing. Specifically, Defendants contend that any alleged assignment of patent rights from Mr. Nagarajan would be inoperative since, based upon the prior assignment to Priva, Mr. Nagarajan had nothing left to assign. Further, nothing in the License Agreement between Priva and CSI required the assignment of any patent rights to Priva and, even assuming Priva somehow had rights in the

---

[4] The SKSIC technology "provides a unique means of confirming a person's identity when that person is attempting to access data that is either stored or in transmission." (ECF No. 2 at ¶ 18.)

6

Securion Patents, a point which Defendants plainly dispute, the Bankruptcy Court determined that the "friendly foreclosure" failed to effectuate any actual foreclosure of Priva's property under the Uniform Commerical Code ("UCC") and Priva's assets became part of its Chapter 7 estate, not the property of Plaintiff. *See In re Priva Technologies, Inc.*, Case No. 11-12574 (Bankr. W.D. Mich. filed Oct. 24, 2014).

While perhaps compelling, Defendants' claims are complex. Indeed, Defendants garner support for dismissal based on interpretations of foreclosure law, the Uniform Commerical Code, conversion of bankruptcy from Chapter 11 to Chapter 7, subsequent transfers, modifications and improvements to technologies, security and license agreements and related legal rulings issued by bankruptcy, district and appellate courts. *See Id.; Cyber Solutions Int'l LLC v. Priva Security Corp.,* 2015 U.S. Dist. LEXIS 22985 (W.D. Mich. Feb. 26, 2015); *Cyber Solutions Int'l LLC v. Priva Security Corp.,* 2016 U.S. Dist. LEXIS 83399 (W.D. Mich. June 28, 2016); *Cyber Solutions Internations, LLC v. Pro Marketing Sales, Inc.,* 634 Fed. Appx. 557 (6th Cir. 2016). At this stage, however, dismissal is not a judgment on the merits. *15 Corps*, 2013 U.S. Dist. LEXIS 153479 at *3 ("[d]ismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case."). Rather, all facts alleged must be presumed true and viewed in Pro Marketing's favor. *See Informatics,* 836 F. Supp. 2d at 409.

Thus, at the pleading stage, viewing all allegations of the complaint in Plaintiff's favor, the Court finds sufficient and plausible allegations to support Pro Marketing's standing. Accordingly, Defendant's Motion to dismiss Plaintiff's Third through Twenty-Sixth claims for relief for lack of subject matter jurisdiction is denied.

**Plaintiff Fails To State A Claim For Its Co-Inventorship and Co-Ownership Claims**.

Issues of standing aside, Defendants also seek dismissal of Pro Marketing's co-inventorship and co-ownership claims for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

Pursuant to 35 U.S.C. § 256, Plaintiff seeks a correction of inventorship to include Mr. Nagarajan on the Securion Patents. 35 U.S.C. § 256 (providing for correction of inventorship on an issued patent); *see Pappalardo v. Stevins*, 746 F. App'x. 971, 974 (Fed. Cir. 2018) (explaining if the "true nature" of a declaratory judgment claim is based on alleged inventorship, it is actually a Section 256 claim); *Faryniarz v. Ramirez*, 2015 U.S. Dist. LEXIS 151472 at *45-46 (D. Conn. Aug. 9, 2015). Co-inventorship gives rise to an inventor's co-ownership of the patent. *See Schering Corp. v. Roussel-UCLAF SA,* 104 F.3d 341, 344 (Fed. Cir. 1997) (co-inventorship gives each inventor co-ownership).

Patents are presumed to list all true inventors and the burden of proving nonjoinder "is a heavy one, which must be demonstrated by clear and convincing evidence." *Meng v. Chu*, 643 Fed. Appx. 990, 994 (Fed. Cir. 2016) (internal quotation and citation omitted). To qualify as a co-inventor an individual must "(1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art." *Eastman v. Apple Inc.,* 2018 U.S. Dist. LEXIS 194487 * 12 (N.D. Cal. Nov. 14, 2018) (*citing In re VerHoef,* 888 F.3d 1362, 1366 (Fed. Cir. 2018)). Stated differently, to qualify as a joint inventor, one must contribute significantly to the patent's "usefulness, novelty, and nonobviousness in light of the prior art." *Irwin Indus. Tool Co v. Bibow*

*Indus. Inc.,* 2012 U.S. Dist. LEXIS 158868 at *12-13 (D. Mass. 2012); *aff'd* 530 F. Appx. 965 (Fed. Cir. 2013).

To meet the clear and convincing standard, allegations offered in support of co-inventorship require corroboration of both the alleged co-inventor's conception and the communication thereof to the established inventor. *Price v. Symsek,* 988 F.2d 1187, 1196 (Fed. Cir. 1993) (*citing Davis v. Reddy,* 620 F.2d 885, 889 (CCPA 1980)); *see also Irwin Indus. Tool Co.,* 2012 U.S. Dist. LEXIS 158868 at *9 (requiring alleged co-inventor provide "corroborating evidence about the inventive process and the communications with the named inventors"). Moreover, when assessing plausibility of an alleged contribution, pleadings that contain conclusory and vague statements will not suffice. *See Opternative, Inc. v. JAND, Inc.*, 2018 U.S. Dist. LEXIS 132827 at *30-31 (dismissing inventorship pleadings that contained only "conclusory and vague statements," did not identify a "specific contribution," and lacked "sufficient corroborating evidence"); *see also, Beco Dairy Automation, Inc. v. Global Tech Sys., Inc.*, 2015 U.S. Dist. LEXIS 25887 at *13-15 (E.D. Cal. Mar. 3, 2015) (dismissing claim for failure to provide a sufficient factual basis from which the court could infer co-inventorship).

Pro Marketing does not identify a single specific patent claim in any Securion Patent to which Nagarajan allegedly made an inventive contribution. And, while Plaintiff identifies certain elements of patent claims in the '119 patent, the connection, if any, between inventive contributions to the '119 patent and their relationship to the Securion Patents is not clear. Indeed, the only substantive, non-conclusory fact alleged is that Mr. Takahashi submitted patent applications that led to the Securion Patents in March and April 2013, which is around the same time CSI was working with Priva. (ECF No. 2 at ¶¶115, 167.) A prior business relationship

9

during the relevant time period, however, does not provide the specificity necessary to support a plausible Section 256 claim. In turn, beyond M. Nagarajan's own testimony, Plaintiff fails to identify anything that would meet the requisite "corroborating evidence of conception." *See Eastman*, 2019 U.S. Dist. LEXIS 61978 at *8 (N.D. Cal. Apr. 10, 2019). Indeed, absent identification of what Mr. Nagarajan contributed, where it is found, and how it is connected to the Securion Patents, Plaintiff fails to state a claim for co-inventorship and co-ownership under Section 256.

Concluding that Pro Marketing has not pleaded plausible, non-conclusory facts Defendants' Motion is granted as to Plaintiff's Co-Inventorship and Co-Ownership Claims for failure to state a claim.[5] In so finding, the Court cannot determine that Plaintiff would be unable to identify Mr. Nagarajan's sufficient contribution to the Securion Patents and consistent therewith the court grants Pro Marketing leave to amend.

**Plaintiff Has Sufficiently Stated A Claim For Ownership.**

Separate from its claims for co-inventorship and co-ownership based on Mr. Nagarajan's alleged inventive contributions, Pro Marketing seeks declaratory judgment for full ownership of the Securion Patents pursuant to the Security Agreement between Pro Marketing and Priva and Plaintiff's status as a senior secured creditor. Plaintiff contends that the Securion Patents use improved Secured Key Storage Integrated Circuit ("SKSIC") intellectual property and the bankruptcy court determined that, under the Security Agreement, rights to the SKSIC property, along with any modifications and enhancements thereto, became part of Plaintiff's collateral.

---

[5] Plaintiff's Co-Inventorship and Co-Ownership claims include its Third, Fourth, Sixth, Seventh, Ninth, Tenth, Twelfth, Thirteenth, Fifteenth, Sixteenth, Eighteenth, Nineteenth, Twenty-First, Twenty-Second, Twenty-Fourth and Twenty-Fifth claims for relief.

(ECF No. 2. at ¶185.) Defendants counter, arguing Mr. Takahashi had no legal obligation to assign the patents to Priva or to Plaintiff and that Priva could not unilaterally pledge CSI's work product as its own collateral.

Similar arguments were raised and addressed in conjunction with Defendants' challenge to Pro Marketing's standing. *See supra* at 5-7. As discussed, these matters are extensive and require further understanding of factual matters, modifications to technology, security and license agreements and legal rulings issued by the bankruptcy, district and appellate courts, that extend beyond the scope of dismissal for failure to state a claim. Here, for purposes of dismissal, Pro Marketing sufficiently states a claim for the relief it seeks and Defendants' Motion to dismiss Plaintiff's ownership claims is denied.[6]

### **Plaintiff Has Not Sufficiently Pleaded Claims To Add Mr. Nagarajan As Co-Inventor Of the '330 Patent.**

Plaintiff is the owner of the '330 Patent and brings two claims related thereto. (ECF No. 2 at ¶ 131) ("The '119 Patent and the '330 Patent have been assigned by Cyber Solutions to Pro Marketing."). Pro Marketing's first claim seeks declaratory relief ordering Mr. Takahashi to sign an inventor statement agreeing to add Mr. Nagarajan as co-inventor of the '330 Patent. *See* 37 C.F.R. § 1.324(b)(1). Pro Marketing's second claim seeks to add Mr. Nagarajan as co-inventor to the '330 Patent pursuant to 35 U.S.C. § 256.[7]

Section 256 provides two statutory procedures for the correction of a named inventor. The first, is through the United States Patent and Trademark Office ("USPTO"). This procedure

---

[6] Plaintiff's Ownership Claims include its Fifth, Eighth, Eleventh, Fourteenth, Seventeenth, Twentieth, Twenty-Third and Twenty Sixth claims for relief.

[7] Plaintiff's '330 Claims include its First and Second claims for relief.

11

requires the consent "of all the parties and assignees." 35 U.S.C. § 256(a). Mr. Takahashi has declined to consent to Plaintiff's request to cooperate with the USPTO. (ECF No. 2 at ¶ 133.) The second statutory procedure provides for relief in a district court "before which such matter is called in question" and requires "notice and hearing of all parties concerned." 35 U.S.C. §256(b).

      Defendants contend Plaintiff is not entitled to relief under either procedure. Yet, given Mr. Takahashi's failure to consent, Defendants' position leaves Plaintiff without an avenue to redress its claimed corrections to the '330 Patent or to defend against possible infringements. Further, as to the second procedure, the court has discretion to exercise jurisdiction and Plaintiff properly calls the matter into question before the district court while providing the requisite statutory notice and hearing to all parties concerned. *See Faryniarz,* 2015 U.S. Dist. LEXIS 151472 at \*65-66 (*citing LendingTree, LLC v. Zillow, Inc.,* 54 F. Supp. 3d 444, 451 (W.D.N.C. 2014)). Here, the court utilizes its discretion and exercises jurisdiction over Plaintiff's '330 Patent Claims.

      In addition to jurisdiction, Defendants argue that Plaintiff's '330 Patent claims are subject to dismissal for failure to meet 35 U.S.C. § 256 pleading standard. The court agrees. Consistent with its review of the Securion Patents, Plaintiff's '330 Claims are similarly conclusory and fail to identify a specific inventive concept made by Mr. Nagarajan or to tether that concept to a specific patent claim. (ECF No. 2 at ¶¶ 97, 148-151.) In addition, Plaintiff does not allege any corroboration of Mr. Nagarajan's inventive contribution or communication of the contribution to Mr. Takahashi. *See supra* at 7-10. Accordingly, Defendants' Motion to Dismiss Plaintiff's '330 Claims is granted without prejudice subject to amendment by Pro Marketing.

## **ORDER**

For the reasons stated on the record and set forth herein, IT IS HEREBY ORDERED that Defendant's Motion to dismiss is DENIED in part and GRANTED in part without prejudice. (ECF No. 25.)

Consistent with the Court's Ruling and Order, Pro Marketing shall have until November 6, 2020 to file an Amended Complaint.

Dated this 6th day of October 2020.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge