**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| PRO MARKETING SALES, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SECTURION SYSTEMS, INC. and<br>RICHARD J. TAKAHASHI,<br><br>　　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:19-cv-00113<br><br>Magistrate Judge Dustin B. Pead |

On September 18, 2020, the court heard oral argument on Defendants' Motion to Dismiss ("Motion")[1]. (ECF No. 43.) Thereafter, on October 6, 2020, the court issued a written Memorandum Decision and Order ("Decision") denying the Motion in part and granting it in part. (ECF No. 46.) On October 16, 2020, Defendants filed their pending Motion for Reconsideration seeking review of the Court's Decision denying dismissal of Plaintiff's ownership claims.[2] (ECF No. 47.)

On November 6, 2020, Plaintiff filed its Amended Complaint. (ECF No. 49.)

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment. (ECF No. 24); *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Plaintiff seeks declaratory judgment naming Pro Marketing sole owner of the patents. These "ownership claims" are set forth in the Fifth, Eighth, Eleventh, Fourteenth, Seventeenth, Twentieth, Twenty-Third and Twenty-Sixty claims for relief. (ECF No. 2.)

1

## STANDARD OF REVIEW

"To the extent that motions to reconsider are recognized, they are disfavored." *Swasey v. West Valley City,* 2017 U.S. Dist. LEXIS 53187 * 6 (D. Utah 2017) (citations omitted); *see also Warren v. Am. Bankers Ins. of Fl.,* 507 F.3d 1239, 1243 (10th Cir. 2007) (the Tenth Circuit has "admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration'"). That said, a district court "has the inherent power to reconsider its interlocutory rulings" and the court is encouraged to do so "where error is apparent." *Warren* at 1233 (*citing K.C. 1986 Ltd. P'ship v. Reade Mfg.,* 472 F.3d 1009, 1017 (8th Cir. 2007)).

Under this standard, a motion for reconsideration is only appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Garth O. Green Enters. v. Harward,* 2017 U.S. Dist. LEXIS 33212 *9 (Dist. Utah 2017). Motions for reconsideration should not be used as a tool to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants* 204 F.3d at 1012.

**DISCUSSION**

Defendants' Motion raises two points for reconsideration: (1) the statute of limitations; and (2) interpretation of the Michigan Bankruptcy Court's opinion.

First, Defendants argue that Plaintiff's ownership claims are time barred by Delaware's three-year statute of limitations period.[3] This argument, however, was not properly raised or clearly articulated in Defendants' Motion or at oral argument. (ECF No. 25; ECF No. 44.) Indeed, the only reference to this allegedly "dispositive" issue is a single sentence buried at page nineteen under the Motion's heading "PMS's Co-ownership and Ownership Claims Fail Because Nothing Required Takahashi to Assign Anything to Priva." (ECF No. 25 at 19.) Specifically, the Motion states:

> Moreover, even if Takahashi was obligated to assign his invention rights to anyone else, such a theory would be time-barred because Takahashi's relevant patent applications began in early 2013.

(*Id*.) While Defendants also briefly raise the limitations claim in their Reply memorandum, none of the briefing makes mention of the relevant dates, claims, contract provisions, laws or policies raised and relied on here as support for reconsideration.[4]

To assert that this undeveloped argument requires reconsideration of the court's ruling is misguided. Simply stated, a party may not use a motion for reconsideration to flesh out

---

[3] Defendants now contend, under ¶15.7 of the Priva/Cyber Solutions License Agreement, that Delaware law controls. (ECF No. 2-2 at 8) ("This Agreement and all questions arising in connection herewith shall be governed by and construed and the rights of the parties determined in accordance with the laws of the State of Delaware, without regard to any choice or conflicts of law provision or rules (whether of the State of Delaware or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Delaware.").

[4] Interestingly, Defendants' Reply to the Motion spends nearly as much time challenging Plaintiff for failing to address the "time-barred" argument in their opposition, as it does in developing the argument itself. (ECF No. 29 at 9.)

arguments and information that existed at the time that the underlying motion was filed. Indeed, reconsideration is not "the appropriate forum for a party to make [its] first substantial attempt to present a developed argument, especially where that party withheld any developed legal argument until after it lost." *Dersch Energies, Inc. v. Shell Oil Co.,* 2001 U.S. Dist. LEXIS 22381 *8 (S.D. Ill. 2001) (internal citation omitted).

Second, Defendants seek to revisit the issue of Priva's ownership rights in the context of the Michigan Bankruptcy Court's opinion. Defendants argue the Bankruptcy Court's "single comment" in a bench opinion should not override the legal default for inventions or modify the written agreement between Priva and CSI. (ECF No. 47 at 5.) The court previously considered these issues and arguments in conjunction with issuance of its Decision. (ECF No. 25; ECF No. 29; ECF No. 44.)

As discussed, a motion for reconsideration may not be used to return to matters previously addressed. While Defendants may disagree with the court's ruling, absent a misapprehension of the facts or controlling law, reconsideration is not appropriate. Further, although interpretations vary, the court ultimately determined that given the allegations raised, at the dismissal stage, all facts set forth in Plaintiff's complaint must be presumed true and viewed in Pro Marketing's favor. (ECF No. 2 at ¶ 13; ¶ 183; ¶ 185); *See Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018) (on a motion to dismiss "all well-plead factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party."); *see also 15 Corps v. Denver Prosecutor's Office*, 2013 U.S. Dist. LEXIS 153479 at *3 ("[d]ismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case.").

Accordingly, for these reasons, the court will not reconsider its Decision.

Finally, citing to the transcript, Plaintiff's argue the Defendants "are not permitted to renew a Rule 12(b) motion to dismiss Plaintiff's claims for full ownership of the Secturion patents because that portion of the motion has been decided by the court." (ECF No. 48 at 3; ECF No. 44 at 77.) The court's comment, however, was in reference to arguments and claims developed through briefing and at argument. Defendants' statute of limitations claim, while raised sufficiently for purposes of preservation, was not fully developed or explored by either party. Thus, to the extent it remains relevant to the claims set forth in Plaintiff's Amended Complaint, Defendants are not prohibited from re-addressing the argument.

## ORDER

For the reasons stated on the record and set forth herein, IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration is DENIED. (ECF No. 47.)

Dated this 19th day of November 2020.

BY THE COURT:

Dustin B. Pead
U.S. Magistrate Judge