FILED
2021 MAY 17
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PRO MARKETING SALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SECTURION SYSTEMS, INC. and RICHARD J. TAKAHASHI, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 1:19-cv-00113-DBP <br><br> Magistrate Judge Dustin B. Pead |

This matter comes before the court[1] on Defendants' Secturion Systems, Inc. ("Secturion") and Richard J. Takahashi's ("Mr. Takahashi") (collectively, "Defendants") Motion to Dismiss Plaintiff Pro Marketing Sales, Inc.'s ("Plaintiff") Amended Complaint (the "Motion"). (ECF No. 55.) After the Motion was fully briefed, the court heard oral argument and issued an oral ruling. (ECF No. 55; ECF No. 56; ECF No. 57; ECF No. 59.) Consistent therewith, and for the reasons set forth herein, the court now issues the following written memorandum decision and order denying Defendants' Motion.

## BACKGROUND

This case involves inventorship and ownership rights to nine patents issued by the United States Patent and Trademark Office ("USPTO"). The pending Motion is the second Motion to

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment. (ECF No. 24); *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1

Dismiss filed by Defendants. Defendants first Motion to Dismiss was filed on December 6, 2019. (ECF No. 25.) On October 6, 2020, the court granted Defendants' motion in part and dismissed Plaintiff's co-inventorship and co-ownership claims without prejudice for failure to identify "what Mr. Nagarajan contributed, where it is found, and how it is connected to the Securion Patents." [2] (ECF No. 46 at 10); *see* 35 U.S.C. § 256.

On November 6, 2020, Plaintiff filed its First Amended Complaint ("FAC"). (ECF No. 49.) The one hundred twenty-page FAC includes numerous allegations and exhibits that were not part of Plaintiff's initial pleading. The FAC's first and second claims are filed against Mr. Takahashi alone and seek to add Anan Nagarajan ("Mr. Nagarajan") as a co-inventor to the '330 Patent, which was issued to Cyber Solutions International, LLC ("CSI") on May 2, 2017. Plaintiff alleges that it owns the '330 Patent as a result of litigation in the Northern District of Georgia. *See generally Pro Marketing Sales, Inc. v. Cyber Solutions International, LLC, et. al.* 2018 U.S. Dist. LEXIS 54126 (N.D. Ga. March 29, 2018). Plaintiff's first claim against Mr. Takahashi alone, seeks a statement from Mr. Takahashi indicating that he agrees with the USPTO correcting the '330 Patent to add Mr. Nagarajan as a co-inventor. *See* 37 C.F.R. § 1.324(b)(1) Plaintiff's second claim against Mr. Takahashi for co-inventorship seeks to correct the '330 Patent to name Mr. Nagarajan as an inventor. *See* 35 U.S.C. § 256.

---

[2] The Co-inventorship and Co-ownership claims were for the Securion Patents numbers 9,317,718 (issued April 19, 2016); 9,355,279 (issued May 31, 2016); 9,374,344 (issued June 21, 2016); 9,524,399 (issued December 20, 2016); 9,798,899 (issued October 24, 2017); 9,858,442 (issued January 2, 2018); 10,013,580 (issued July 3, 2018); 10,114,766 (issued October 30, 2018) and for U.S. Patent No. 9,641,330 ("the '330 Patent"). *See* ECF No. 49 at ¶ 130.

The FAC's remaining twenty-four causes of action relate to the eight Secturion Patents that Mr. Takahashi assigned to Secturion and that list Mr. Takahashi as the sole inventor. For each Secturion Patent Plaintiff makes a claim for: (1) correction of named inventor to add Nagarajan as a co-inventor of the patent pursuant to 35 U.S.C. § 256 (the "Co-Inventorship Claims") (Third, Sixth, Ninth, Twelfth, Fifteenth, Eighteenth, Twenty-First, and Twenty-Fourth Claims for Relief); (2) declaratory judgment naming Pro Marketing as a co-owner of the patent ("Co-Ownership Claims") (the Fourth, Seventh, Tenth, Thirteenth, Sixteenth, Nineteenth, Twenty-Second, and Twenty-Fifth Claims for Relief); and (3) declaratory judgment naming Pro Marketing as the sole owner of the patent (the "Ownership Claims") (Fifth, Eighth, Eleventh, Fourteenth, Seventeenth, Twentieth, Twenty-Third, and Twenty-Sixth Claims for Relief). (ECF No. 49.)

On January 4, 2021, Defendants' filed their second pending Motion to Dismiss seeking dismissal of the FAC. (ECF No. 55.)

## **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . [but], conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hulinsky v. Brereton*, 2018 U.S. Dist. LEXIS 33806 at *1-2 (D. Utah Jan. 29, 2018) (quotations and citations omitted).

"It is insufficient to set forth threadbare recitals of elements, the factual allegations must be enough to raise a right to relief above the speculative level, and a complaint that merely offers labels and conclusions, or a formulaic recitation of the elements or a cause of action, is insufficient." *Jensen v. Bureau of Criminal Information*, 2019 U.S. Dist. LEXIS 193854 at *4 (D. Utah Nov. 6, 2019) (quotations omitted).

On a motion to dismiss "all well-plead factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018). "A 12(b)(6) motion tests the legal sufficiency of the complaint," and a court must be mindful of the liberal pleading standards "which require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Informatics Applications Grp., Inc. v. Shkolnikov*, 836 F. Supp.2d 400, 410, 414 (E.D. Va. 2011); *see also* Fed. R. Civ. P. 8.

## DISCUSSION

Defendants move for dismissal of the FAC on two grounds. First, Defendants argue that Plaintiff's Ownership Claims are barred by the statute of limitations. Second, Defendants assert that Plaintiff has not sufficiently pleaded its Co-Inventorship Claims. Each argument is addressed herein.

### I.     **Plaintiff's Sole Ownership Claims Are Not Barred By The Statute Of Limitations.**

The parties agree that Plaintiff's Ownership Claims for the eight Securion patents are causes of action based upon the breach of a written contract. The parties disagree, however, as to the choice of law to be applied. While Defendants argue that written instruments raised in Plaintiff's pleading provide for application of either Delaware, Michigan or New York's statute

of limitations periods, Plaintiff argues that as the forum state Utah's six-year statute of limitations period applies.

The statute of limitations is a procedural defense, and the law of the forum state applies to procedural issues.  *See, e.g., Records v. Briggs*, 887 P.2d 864, 870 (Utah App. 1994) (applying Utah's statute of limitations despite determination that Louisiana's substantive law applies). Thus, as the forum state Utah's choice of law rules govern and the court concludes that Utah's six-year statute of limitations applies to Plaintiff's claims for sole ownership of the Securion Patents.  *See* Utah Code Ann. § 78B-2-309; *see, e.g., Bancoklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) (applying substantive law of the forum state, including choice of law rules, for state law claims in a federal question lawsuit).

Having determined the applicable statute of limitations, the court must next determine the date of accrual, or the date on which the statute of limitations period begins to run. Defendants urge the court to conclude that the dates on which the provisional patent applications were filed is the date of accrual.  *See Ferring BV v. Allergan, Inc.*, 932 F. Supp.2d 493 (S.D.N.Y. March 18, 2013).  Defendants assert that Plaintiff's knowledge of the application is not necessary and that the provisional nature is not relevant because the applications are assignable and encompass the rights of later applications in the same "patent family".  *See*  35 U.S.C. § 111; *see also Arcadia Biosciences, Inc. v. Vilmorin & Cie,* 356 F. Supp. 3d 379, 398-99 (S.D.N.Y. 2019).

Plaintiff, on the other hand, argues that in Utah "a cause of action accrues upon the happening of the last event necessary to complete the cause of action" and in the patent context the ownership of a patent accrues at the time the patent issued.  *Becton Dickinson and Co. v. Reese*, 668 P.2d 1254, 1257 (Utah 1983).  According to Plaintiff, a provisional patent application

5

date cannot serve as the date of accrual since a provisional application is kept private in the USPTO and merely "serves as a placeholder with the PTO and that grants the applicant 'the benefit of priority' for an invention." *United States v. Camick*, 796 F.3d 1206, 1218 (10th Cir. 2015) (*quoting Manual of Patent Examining Procedure* § 201.04 (9th ed. 2014)).

On balance, the court concludes that *Ferring* is not persuasive because it involves the application of New York law to a different factual scenario. In this case, the provisional patent applications Mr. Takahashi filed before the USPTO in March, April and May 2013 were private, were not examined by the USPTO, were not disclosed to Plaintiff at the time(s) of filing and were amended substantially during later years of prosecution. As a result, it would not be appropriate for the provisional application dates to serve as the dates of accrual. Instead, the accrual dates for Plaintiff's Ownership Claims are the dates that the USPTO issued each of the Securion Patents and are as follows:

a. Patent No. 9,317,718 ("the '718 Patent", issued on April 19, 2016) (ECF No. 49-18);
b. Patent No. 9,355,279 ("the '279 Patent", issued on May 31, 2016) (ECF No. 49-13);
c. Patent No. 9,374,344 ("the '344 Patent," issued on June 21, 2016) (ECF No. 49-17);
d. Patent No. 9,524,399 ("the '399 Patent", issued on December 20, 2016) (ECF No. 49-15);
e. Patent No. 9,798,899 ("the '899 Patent", issued on October 24, 2017) (ECF No. 49-20);
f. Patent No. 9,858,442 ("the '442 Patent", issued on January 2, 2018) (ECF No. 49-14);
g. Patent No. 10,013,580 ("the '580 Patent", issued on July 3, 2018) (ECF No. 49-19); and
h. Patent No. 10,114,766 ("the '766 Patent", issued on October 30, 2018) (ECF No. 49-16).

Accordingly, Defendants' Motion to Dismiss Plaintiff's Ownership Claims based on the statute of limitations is denied.

II. **Plaintiff Has Sufficiently Stated Claims For Co-Inventorship and Co-Ownership**.

Defendants seeks dismissal of Pro Marketing's Co-Inventorship Claims pursuant to 35 U.S.C. § 256 and the derivative Co-Ownership Claims for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

Section 256 provides "a cause of action to interested parties to have the inventorship of a patent changed to reflect the true inventors of the subject matter claimed in the patent." *Fina Oil & Chem. Co. v. Ewen,* 123 F.3d 1466, 1471 (Fed. Cir. 1997). Co-inventorship gives rise to an inventor's co-ownership of the patent. *See Schering Corp. v. Rouseel-UCLAF SA,* 104 F.3d 341, 344 (Fed. Cir. 1997).

To establish joint inventorship, a joint inventor must:

> (1) contribute in some significant manner to the conception or Reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors, well-known concepts and/or the current state of the art.

*Operative, Inc. v. JAND, Inc.,* 2018 U.S. Dist. LEXIS 132827 * 29 (S.D.N.Y. Aug 7, 2018). The Federal Circuit encourages courts to broadly interpret Section 256 to protect the "public interest of assuring correct inventorship designations on patents." *Pei-Hreng Hor v. Ching Wu China,* 699 F.3d 1331, 1336 (Fed. Cir. 2012) (citation and internal quotation omitted). At the pleading stage, a co-inventor seeking to be added to a patent must plausibly allege a significant contribution to the conception of at least one claim of the patent. *See* 35 U.S.C. § 256; *see also, Coda Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1359-60 (Fed. Cir. 2019) (determining factual allegations satisfy the plausibility pleading requirement). Additionally, a

7

purported co-inventor must plausibly allege collaboration with the named inventor about the inventive concepts. *Id.* Here, upon review of the FAC and for the reasons stated, the Court finds that Plaintiff's amended claims for co-inventorship of the Securion Patents and the '330 Patent satisfy the pleading requirements for its 35 U.S.C. § 256 claims.

    First, Plaintiff plausibly alleges that Mr. Nagarajan's inventive concepts (dual mode, secure selective zeroization, submode, and tamper interrupt for selective zeroization) are new, non-obvious and included in one or more claims of the '330 and the Securion Patents. (ECF No. 49 at ¶ 53.) Second, Plaintiff plausibly alleges that Mr. Nagarajan made significant contributions, conceptually and otherwise, to each of these inventive concepts while serving as Priva's Chief Engineer. (*Id.* at ¶ 54.) Third, Plaintiff's FAC identifies at least one claim in each patent to which Mr. Nagarajan contributed inventive concepts.[3] Fourth, Plaintiff's FAC plausibly alleges collaboration with Mr. Takahashi about Mr. Nagarajan's inventive concepts. In support

---

[3] Specifically, Plaintiff's second claim details Mr. Nagarajan's inventive concepts to Claim 1 of the '330 Patent owned by Plaintiff (ECF No. 49 at ¶¶ 211-241); Plaintiff's third claim details Mr. Nagarajan's inventive concepts to Claim 15 of the '279 Patent (*Id.* at ¶¶ 242-267); Plaintiff's sixth claim details Mr. Nagarajan's inventive concepts to Claim 15 of the '442 Patent (*Id.* at ¶¶ 283-306); Plaintiff's ninth claim details Mr. Nagarajan's inventive concepts to Claim 13 of the '399 Patent (*Id.* at ¶¶ 323-346); Plaintiff's twelfth claim details Mr. Nagarajan's inventive concepts to Claim 13 of the '766 Patent (*Id.* at ¶¶ 362-385); Plaintiff's fifteenth claim details Mr. Nagarajan's inventive concepts to Claim 12 of the '344 Patent (*Id.* at ¶¶ 402-425); Plaintiff's eighteenth claim details Mr. Nagarajan's inventive concepts to Claim 11 of the '718 Patent (*Id.* at ¶¶ 442-465); Plaintiff's twenty-first claim details Mr. Nagarajan's inventive concepts to Claim 10 of the '580 Patent (*Id.* at ¶¶ 481-504); Plaintiff's twenty-fourth claim details Mr. Nagarajan's inventive concepts to Claim 6 of the '899 Patent. (*Id.* at ¶¶ 520-543.)

of collaboration with Mr. Takahashi, Plaintiff offers the following allegations: on August 1, 2012, Mr. Nagarajan discussed with Mr. Takahashi the inventive concepts of dual mode, secure selective zeroization, submode, and tamper interrupt for selective zeroization. (*Id.* at ¶ 80); on August 7, 2012, Mr. Nagarajan corresponded with Mr. Takahashi regarding edits to the Interface Control Document ("ICD") of the Tamper Reactive Secure Storage ("TRSS"), including Mr. Nagarajan's inventive concepts of dual mode, secure selective zeroization, submode and tamper interrupt for selective zeroization which are described in detail in the ICD's (*Id.* at ¶ 81); *see also* (ECF No. 49-4; ECF No. 49-5; ECF No. 49-6); on August 10, 2012, Mr. Nagarajan briefed Mr. Takahashi regarding Mr. Nagarajan's inventive concepts of dual mode, secure selective zeroization, submode and tamper interrupt for selective zeroization which are described in detail in the ICD's (*Id.* at ¶ 82); on August 13, 2012, Mr. Takahashi corresponded with Mr. Nagarajan regarding Mr. Nagarajan's inventive concepts of dual mode, secure selective zeroization, submode and tamper interrupt for selective zeroization which are described in detail in the ICD's (*Id.* at ¶ 83); and in August, September and October of 2012, Mr. Takahashi sought Mr. Nagarajan's input to expand Mr. Nagarajan's inventive concepts of dual mode, secure selective zeroization, submode and tamper interrupt for selective zeroization which are described in detail in the ICD's. (*Id.* at ¶ 84.) Based thereon, Plaintiff sufficiently alleges that the meetings and correspondence described resulted in Mr. Nagarajan's significant, individual, conceptual contributions to novel and nonobvious elements of the inventions claimed.[4]

---

[4] *See,* Claim 1 of the '330 Patent, Claim 15 of the '279 Patent, Claim 15 of the '442 Patent, Claim 13 of the '399 Patent, Claim 13 of the '766 Patent, Claim 12 of the '344 Patent, Claim 11 of the '718 Patent, Claim 10 of the '580 Patent, and Claim 6 of the '899 Patent. (ECF

Accordingly, the court finds sufficient and plausible allegations to state claims for relief pursuant to 35 U.S.C. § 256 as to the '330 Patent and as to each of the Securion Patents. Accordingly, Defendants' Motion to Dismiss Plaintiff's claims for Co-Inventorship and Co-Ownership are denied.

## ORDER

At the pleading stage, viewing the allegations of the FAC in Plaintiff's favor, the court finds that Plaintiff's claims are not barred by the statute of limitations and there are sufficient and plausible allegations to state claims for relief.

Accordingly, for the reasons stated on the record and as set forth herein, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED. (ECF No. 55.)

Dated this 17th day of May 2021.

BY THE COURT:

DUSTIN B. PEAD
U.S. Magistrate Judge

---

No. 49 at ¶¶ 211-241, 242-267, 283-306, 323-346, 362-385, 402-425, 442-465, 481-504, 520-543.)