Amy F. Sorenson (#8947)
Zaven A. Sargsian (#14776)
SNELL & WILMER L.L.P.
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
Telephone: 801.257.1900
Facsimile: 801.257.1800
Email: asorenson@swlaw.com
      zsargsian@swlaw.com

| | |
|---|---|
| Erik H. Olson admitted *pro hac vice* | Michael J. Powell admitted *pro hac vice* |
| Georgia Bar No. 553098 | Georgia Bar No. 586275 |
| THE OLSON LAW FIRM, LLC | POWELL IP LAW, LLC |
| 6100 Lake Forrest Drive, Suite 570 | 10 Glenlake Parkway, Suite 130 |
| Atlanta, Georgia 30328 | Atlanta, Georgia 30328 |
| Telephone: 404.897.1014 | Telephone: 678.222.3444 |
| Facsimile: 404.255.0183 | Email: mjp@navigatingip.com |
| Email: erikholson@theolsonlawfirm.com | |

*Attorneys for Plaintiff and Counterclaim-Defendant
Pro Marketing Sales, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PRO MARKETING SALES, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>SECTURION SYSTEMS, INC.; and RICHARD J. TAKAHASHI,<br><br>    Defendants and Counterclaimants. | **MOTION TO ENFORCE SCHEDULING ORDER AND DEFER BRIEFING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS REGARDING THE SECTURION PATENTS**<br><br>Case No. 1:19-cv-00113-DBP<br><br>Magistrate Judge Dustin B. Pead |

4857-1460-8173

Plaintiff and Counterclaim-Defendant Pro Marketing Sales, Inc. ("Pro Marketing"), through its counsel, moves to enforce the Second Amended Scheduling Order (ECF No. 122) (the "Scheduling Order") and defer briefing on Defendants' Motion for Summary Judgment on All Claims Regarding the Securion Patents (ECF No. 130). Pro Marketing has filed a motion for expedited briefing and consideration concurrently with this Motion.

## RELEVANT BACKGROUND

1.  The Scheduling Order in this case provides for phased discovery. (Second Am. Scheduling Order at 2-3 (ECF No. 122), filed April 28, 2022.)

2.  As set forth in the Scheduling Order, "Defendant's phase 1 discovery will be regarding (a) Plaintiff's standing to bring the claims it asserts in this action; and (b) Nagarajan's alleged inventive contributions to the Securion Patents." (*Id.* at 2) The Scheduling Order further provides that "[t]hese topics relate to threshold issues on which the parties mutually agree that discovery shall be conducted first so the Court can address these issues early in the case, which may eliminate or reduce claims and the need for further discovery going forward." (*Id.* at 2-3)

3.  After Phase 1 discovery concludes, the parties may file dispositive or potentially dispositive motions on Phase 1 topics. (*Id.* at 6.) And only *after* entry of an order on Phase 1 dispositive motions will discovery commence on "any remaining issues." (*Id.* at 3.)

4.  On June 17, 2022, Defendants filed a Motion for Summary Judgment On All Claims Regarding the Securion Patents (the "MSJ"). (ECF No. 130.) Section I.(H) of Defendants' MSJ argues that the Securion Patents have nothing to do with TRSS technology or TRSS-related property. (MSJ at 37-39.) Section I.(I) of Defendants' MSJ argues that portions of

TRSS technology allegedly used in the Secturion patents are in the public domain and therefore free to be used. (*Id.* at 40.)

5. On August 2, 2022, Pro Marketing informed Defendants that sections I.(H) and I.(I) of their pending MSJ exceed the scope of a Phase 1 dispositive motion and requested that Defendants withdraw sections I.(H) and I.(I) and stipulate that no response to those sections is due from Pro Marketing at this time. (August 2, 2022 Letter, attached as Ex. A.)

6. On August 8, 2022, Defendants responded to Pro Marketing, declining to withdraw sections I.(H) and I.(I) from the current MSJ for briefing and decision at the proper time. (August 8, 2022 Letter, attached as Ex. B.)

7. On August 17, 2022, the parties held a telephonic meet and confer, but were unable to reach an agreement.

## ARGUMENT

The Court should enforce the Scheduling Order and order that no response to sections I.(H) and I.(I) is due at this time and that no decision will issue thereon. District courts have the inherent power to enforce compliance with their lawful orders. *CGC Holding Co., LLC v. Hutchens*, 780 Fed. Appx. 604, 607 (10th Cir. 2019) (unpublished). "This Court's 'interest in ensuring a party's compliance with its orders is a great one.' Courts have the inherent authority 'to manage their own affairs,' . . . ." *U.S. v. Rapower-3, LLC*, 470 F. Supp. 3d 1232, 1248-49 (D. Utah 2020) (quoting another source). "Pursuant to that authority, a court may impose appropriate sanctions to discourage misconduct and protect the integrity of judicial proceedings." *Id.* at 1249 (citing another source).

4857-1460-8173

Defendants' MSJ exceeds the scope of a Phase 1 dispositive motion under the Scheduling Order.  Phase 1 dispositive motions may address "(a) Plaintiff's standing to bring the claims it asserts in this action; and (b) Nagarajan's alleged inventive contributions to the Secturion Patents."  (Scheduling Order at 2.)  In this regard, and as the *proponents* of phased discovery, Defendants argued at the scheduling conference as follows:

> [W]e use standing as a shorthand, but what we're really talking about is does this plaintiff have the right to assert any of the claims it has asserted in this case, especially for complete ownership of the patents, which it only is able to assert by virtue of some alleged issues that happened in a bankruptcy proceeding.  *What the Court decided on the Rule 12(b) motion certainly didn't establish standing for all time.  It said they got over the hurdle of a Rule 12(b) where the Court was required to assume all facts they pleaded were true, and that they had gotten enough after the initial motion to dismiss*.

(Transcript of July 20, 2021 Scheduling Conference 5:9-19, attached hereto as Ex. C (emphasis added).)

Defendants at least impliedly represented that they intended to request summary judgment on the threshold standing issue that they had raised in their Motion to Dismiss (ECF No. 25), and not on technological or other substantive/merits issues such as the similarity or relationship of the Secturion Patents to the TRSS technology.  Based on Defendants' representation at the Scheduling Conference, the Court entered the Scheduling Order granting phased discovery and phased dispositive motions designed to potentially resolve threshold standing issues associated with Plaintiff's ownership and co-inventorship claims.
During Phase 1 discovery, Defendants limited their disclosure of systems, devices, methods, or processes ("instrumentalities") known to be covered by any claim of the Secturion Patents to Phase 1 claims.  (Defendant Takahashi's Second Supplemental Response to Plaintiff's Interrogatory No. 22, attached hereto as Ex. D.)  Defendants have limited their disclosures to

4

certain "asserted claims" relating to the co-inventorship claims and conditioned their disclosures on limited definitions and understandings of TRSS Technology at this stage of the litigation. Therefore, Defendants have not disclosed all systems, devices, methods, or processes known to be covered by any claim of the Securion Patents. Allowing Defendants to move for summary judgment on Phase 2 improvement claims under the current Scheduling Order without requiring Defendants to fully disclose all systems, devices, methods, or processes known to be covered by any claim of the Securion Patents violates the fundamental principle of fairness that governs discovery.

      Now, contrary to these earlier representations to Pro Marketing and to the Court and the limited discovery disclosures, Defendants' current MSJ exceeds the scope of the Court's order on phased dispositive motions and instead argues the merits of Pro Marketing's full ownership claims. Specifically, all of Argument sections I.(H) and I.(I) exceed the scope of Phase 1. Section I.(H) argues that the Securion Patents have nothing to do with TRSS technology or TRSS-related property as technological matters. (MSJ at 37-39.) And whether the Securion Patents have anything to do with TRSS technology or TRSS-related property is a *merits* question, not a *standing* issue (*i.e.*, whether Pro Marketing can claim an ownership right to the disputed patents). Similarly, Section I.(I) argues that portions of TRSS technology allegedly used in the Securion patents were in the public domain and therefore free to be used. (*Id.* at 40.) Again, whether portions of the TRSS technology are in the public domain and therefore are free to be used by anyone is not an issue relating to Pro Marketing's ability to make the claim, but rather goes to the merits of whether the Securion Patents are improvements to the TRSS.

In response to the above, Defendants assert that sections I.(H) and I.(I) both relate to standing because if Defendants prevail on either of the above arguments, Pro Marketing can show no injury and therefore has no standing.  (*See* August 8, 2022 Letter at 2, Ex. B.) Defendants' logic, however, would mean that the merits and standing *are always the same* because *in every instance* where a plaintiff fails on the merits, by definition, a plaintiff cannot show an injury sufficient for standing.  Such an interpretation of the Scheduling Order conflates standing and the merits and renders the phased approach meaningless.  *See U.S. v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 62 (1st Cir. 2013) (quoting another source) ("Courts should not . . . conflate the constitutional standing inquiry with the merits determination that comes later."); *Doup v. Van Tuyl Grp., LLC*, Civil Action No. 3:20-CV-02742-X, 2021 WL 1541552, at *2 (N.D. Tex. Apr. 19, 2021) (citing another source) (denying a motion to dismiss based on lack of standing and stating that "[w]hen dealing with jurisdictional challenges, generally 'all factual allegations in the complaint must be accepted as true.'  But 'where issues of fact are central both to subject matter jurisdiction and the claim on the merits, . . . the trial court must assume jurisdiction and proceed to the merits.'  This ensures that the plaintiff, who often operates at an informational disadvantage at the pleading stage, enjoys basic factual protections like those afforded in 12(b)(6) motions.").  The Court should reject Defendants' argument.

Because Defendants' MSJ violates the Court's Scheduling Order, the Court should defer briefing, argument, and decision on Defendants' sections I.(H) and I.(I) in the MSJ or order the brief to be refiled without those sections.  Generally, courts should exercise the least possible power to ensure compliance with its orders.  *See Rapower-3*, 470 F. Supp. 3d at 1249 ("In setting sanctions . . . a court must exercise the least possible power adequate to the end proposed.")

(internal quotation marks omitted) (quoting another source).  Here, the only solution to ensure Defendants' MSJ does not violate the Court's order is to require that the out-of-scope arguments be removed for decision at the proper time, in the proper phase of the Scheduling Order—which phases the Defendants sought.  This preserves the remainder of Defendants' MSJ for decision now, while ensuring Defendants comply with the Court order and avoid prejudice to Pro Marketing.

## CONCLUSION

Defendants' MSJ exceeds the scope of Phase 1 dispositive motions as to two, merits-based arguments about the similarities and origins of the technology at issue, and which are not about Plaintiff's threshold-issue legal standing to make the claims or about Nagarajan's co-inventorship as the Scheduling Order requires.  As a result, the MSJ puts Pro Marketing at a significant disadvantage, as it has not taken discovery or adduced expert testimony on those out-of-scope arguments.  Pro Marketing therefore respectfully requests that the Scheduling Order be enforced, and Defendants be required to refile their MSJ without the two out-of-scope sections, or that briefing, argument and decision as to those two sections be precluded at this time.

DATED this 19th day of August, 2022.

SNELL & WILMER L.L.P.

/s/ Zaven A. Sargsian           .
Amy F. Sorenson
Zaven A. Sargsian


Erik H. Olson *pro hac vice*
THE OLSON LAW FIRM, LLC
6100 Lake Forrest Drive, Suite 570
Atlanta, Georgia 30328

4857-1460-8173

Michael J. Powell *pro hac vice*
POWELL IP LAW, LLC
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328

*Attorneys for Plaintiff and Counterclaim-Defendant Pro Marketing Sales, Inc.*

8

4857-1460-8173