## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| PRO MARKETING SALES, INC.,<br><br>                 Plaintiff,<br><br>v.<br><br>SECTURION SYSTEMS, INC. and RICHARD J. TAKAHASHI,<br><br>                 Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF DR. ALAN T. SHERMAN<br><br>Case No. 1:19-cv-00113-DBP<br><br>Magistrate Judge Dustin B. Pead |

This matter comes before the court[1] on Defendants' Secturion Systems, Inc.'s ("Secturion") and Richard J. Takahashi's ("Mr. Takahashi") (collectively, "Defendants") Motion to Exclude Expert Testimony of Dr. Alan T. Sherman (the "Motion")[2] and the Defendants' Objection to Plaintiff Pro Marketing Sales, LLC's ("Plaintiff") Proposed Order (the "Objection").[3] After the Motion was fully briefed, the court heard argument and issued an oral ruling.[4] Consistent with that ruling, and for the reasons addressed below, the court now issues the following written memorandum decision and order denying Defendants' Motion and granting Defendants' Objection in part as set forth herein.[5]

---

[1] The parties in the case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment. ECF No. 24; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] ECF No. 126.

[3] ECF No. 208; ECF No. 206.

[4] ECF No. 203.

## STANDARD OF REVIEW

The court is guided by Federal Rule of Evidence 702, which permits a witness, qualified "by knowledge, skill, experience, training, or education," to testify in the form of an opinion or otherwise if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[6] The court has a gatekeeping obligation to determine the admissibility of expert testimony.[7] However, the "usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial."[8] "[A] judge conducting a bench trial maintains greater leeway in admitting questionable evidence, weighing its persuasive value upon presentation."[9] Moreover, the "gatekeeper inquiry under Rule 702 is ultimately a flexible determination, keeping in mind that rejection of expert testimony has been the exception rather than the rule."[10] Indeed, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but amissible evidence."[11]

---

[6] Fed. R. Evid. 702.

[7] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

[8] *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009).

[9] *Id.* at 780.

[10] *Ruff v. Ensign-Bickford Indus., Inc.*, 171 F. Supp. 2d 1226, 1232 (D. Utah 2001).

[11] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

## DISCUSSION

Defendants move to exclude Dr. Sherman's expert opinion based on five arguments: First, Dr. Sherman's expert report contains no technical analysis; second, Dr. Sherman's opinion is unreliable because it relies on a selective and one-sided chronology of relevant events; third, Dr. Sherman's opinion relies heavily, and therefore improperly, on the factual allegations set forth in Plaintiff Pro Marketing Sales, Inc.'s ("Plaintiff") First Amended Complaint; fourth, Dr. Sherman states legal conclusions; and fifth, Dr. Sherman's current expert report cannot rely on his earlier report filed in the Georgia litigation[12] to cure deficiencies. Defendants do not dispute that Dr. Sherman is qualified, and therefore the court will not address that part of Rule 702.

First, Defendants argue Dr. Sherman's expert opinion should be excluded because it lacks any technical analysis. Defendants contend Dr. Sherman does not discuss or analyze in his report the patent claims at issue in this case or conduct a claim-by-claim analysis of the Secturion patents.[13] Defendants further contend that Dr. Sherman does not compare diagrams from the SKSIC/TRSS ICDs to any of the figures in the disputed patents, or mention source code, GDS II files, or any other technical information produced in this case.[14] Similarly, Defendants argue Dr. Sherman has not mapped the allegedly inventive concepts in SKSIC/TRSS to the patent claims, nor identified how those concepts differ from the prior art.[15] The question ultimately comes down to whether Dr. Sherman has provided a sufficient technical analysis, even if his technical analysis is not the one preferred by Defendants.

---

[12] Civil Action No. 2:17-CV-00038

[13] Motion at 5-6.

[14] *Id.* at 6-7.

[15] *Id.* at 7.

Here, while not without deficiencies, Dr. Sherman's report contains a technical analysis that satisfies Rule 702.  Dr. Sherman's opinions are based on various sources, including his understanding of the Securion patents, Anan Nagarajan's testimony, Dr. Sherman's understanding of SKSIC and TRSS, and his explanation that the Securion patents adopted concepts used in the SKSIC and TRSS technology.  Dr. Sherman provides a history of key management, the root of trust, and some discussion of the claims in the disputed patents.  While Defendants identify deficiencies in Dr. Sherman's technical analysis, those deficiencies may be raised during trial and as part of cross-examination.  At that time, the court can determine what weight, if any, to give Dr. Sherman's opinions.[16]  The deficiencies raised by Defendants do not require exclusion of Dr. Sherman's expert opinion.

Second, Defendants argue Dr. Sherman's opinion should be excluded as unreliable because it is based on a selective chronology of events provided by Plaintiff.  Expert witnesses are permitted to use a chronology as part of a process that ultimately gives rise to the expert's opinions.  If a chronology of events is contested, the party contesting the chronology may attempt to undermine the opinion by attacking the chronology at trial.  Here, Dr. Sherman's chronology does not rise to the level of reliance that requires exclusion and Defendants may attack the chronology on cross-examination at trial.[17]

---

[16] *See McCullock v. H.B. Fuller Co.,* 61 F.3d 1038, 1044 (2d Cir. 1995) ("Disputes as to the strength of [an expert's] credentials, faults in his . . . methodology, or lack of textual authority for his opinion, go to the wight, not the admissibility, of his testimony.").

[17] *Vox Marketing Group., LLC v. Prodigy Promos L.C.,* 521 F. Supp. 3d 1135, 1143 (D. Utah Feb. 22, 2021) ("[I]f determining 'reliability' requires the court to decide which party's facts are more believable, then the court cannot exclude the expert but must leave it to the fact finder to determine the facts and how much weight to afford the expert's testimony based on that factual determination.").

Third, Defendants argue Dr. Sherman's opinions impermissibly adopt the factual allegations of Plaintiff's First Amended Complaint. While Dr. Sherman relies upon Plaintiff's First Amended Complaint, he also appears to rely upon additional sources in forming his opinions.[18] As with the chronology, Dr. Sherman does not so heavily rely on Plaintiff's First Amended Complaint that exclusion is required. Rather, at this juncture, the court will allow Dr. Sherman's opinions subject to Defendants' right to cross-examine Dr. Sherman at trial.

Fourth, Defendants argue Dr. Sherman states legal conclusions in his expert report. As a general matter, an expert witness may not state legal conclusions.[19] Here, the court will not exclude Dr. Sherman's expert testimony, but at trial, the court, in its role as fact-finder, will not consider or give weight to any legal conclusions stated by Dr. Sherman.

Finally, Defendants argue that the deficiencies in Dr. Sherman's report cannot be cured by his earlier expert report in the Georgia litigation. Plaintiff argues that the earlier Georgia report is unnecessary to cure deficiencies. The court agrees with Plaintiff and does not rely on the Georgia report for purposes of curing any deficiencies.

---

[18] Dr. Sherman Report at ¶ 42 (stating Dr. Sherman "reviewed several of the pleadings in the Lawsuit, including Plaintiff's First Amended Complaint. . . and the Defendants' Answer, Affirmative Defenses and Counterclaims . . . ."); *Id.* (citing to twenty-eight exhibits, labeled A-BB, including: Mr. Nagarajan's deposition transcript at ¶¶ 46, 50-51, 186; court rulings and filings at ¶¶ 53, 58-59, 64-74; documents such as the security agreement and license agreement at ¶¶ 52, 55, 85-87, prior expert reports at ¶ 84; Securion's deposition at ¶ 88; and Takahashi's deposition at ¶¶ 90-91, 93, 185, 194-96).

[19] *A.E. ex rel. Evans v. Ind. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991).

## CONCLUSION AND ORDER

In sum, the court reserves judgment as to persuasiveness and concludes that Dr. Sherman's report is sufficient to survive Defendants' Motion under Rule 702. As a result, the court DENIES Defendants' Motion to Exclude Expert Testimony of Dr. Sherman and GRANTS Defendants' Objection IN PART.[20]

DATED April 14, 2023.

BY THE COURT:

_____
DUSTIN B. PEAD
U.S. Magistrate Judge

---

[20] ECF No. 126.